In the case of CHARLES MERRYFIELD, appellant.

Knox.  Opinion March 6, 1888.

*Insolvent law.  Trader.  R. S., c. 70, § 46.*

An insolvent debtor, who, for several years prior to his petition in insolvency, was engaged in purchasing small parcels of timber lands and timber growth, about three hundred acres in all, cutting and removing timber therefrom, manufacturing the same at his mill into staves and heading, constructing the manufactured materials into barrels at his shops, and transporting these products, with his teams, to market, for sale, the business involving the employment of from six to eleven men and a capital of eighteen hundred dollars, was held to be a trader within the meaning of the insolvent law.

ON appeal by an insolvent debtor from a decree of the court of insolvency, refusing a discharge, on the ground that the insolvent was a trader and kept no cash book, or other proper books of account.

The facts are stated in the opinion.

*True P. Pierce*, for defendant.

Was Merryfield a trader within the meaning of ch. 70, § 46, of R. S. ?

In *Sylvester* v. *Edgecomb*, 76 Maine, 499, the court examine the question at issue, and therein they say, "A trader is one who sells goods substantially in the same form in which they are bought."

*J. E. Hanley*, for the creditors, cited : *Groves* v. *Kilgore*, 72 Maine, 489 ; *In re Garrison*, 7 N. B. R. 287 ; S. C. 5 Ben. 430 ; Bump. Bankruptcy, (9th ed.) 712.

PETERS, C. J.   The question to be determined is, whether an insolvent debtor should or not be regarded as a trader, who, for several years prior to the date of his petition, was engaged in purchasing small parcels of timber land and growth upon land, about three hundred acres in all, cutting and removing timber therefrom, manufacturing the same, at his mill, into staves and heading, constructing the manufactured materials into casks and barrels at his shops, and transporting these products, with his

teams, to market for sale, the business involving the employment of from six to eleven men besides himself, comprising lumbermen, millmen, coopers and teamsters, and his indebtedness of all kinds being not far from the sum of one thousand eight hundred dollars. He also occasionally sawed at his mill small amounts of lumber for others.

It is clearly enough seen that he was a trader; that he should have kept books showing the application and use of the money which he became indebted for in his business, and that, failing to do so, without any excuse, he is not entitled to a discharge.

His counsel contends, on the authority of the case of *Sylvester* v. *Edgecomb*, 76 Maine, 499, that a trader is one who sells goods in substantially the form that they are bought. But the same case also further declares that one engaged in the manufacture and sale of lumber may be a trader. In the case now before us, it appears that the insolvent was systematically engaged in a variety of business, which must have required the use of considerable capital or credit. He was constantly employed in manufacturing and selling his own and buying other goods.

*Decree below affirmed.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.